AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 1                                                                                              (NOTE:  Identify Changes with Asterisk(*))

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | CASE NUMBER: 1:04-cr-67-02 |
|  | USM Number: 11792-040 |
| **JANET SYKES** |  |
| True Name: Jane Janet Sykes |  |
|  | Robert F. Mirque, Jr. |
| **Date of Original Judgment: September 9, 2004** | Defendant's Attorney |
| (Or Date of Last Amended Judgment) |  |

**Reason for Amendment:**  Correction of Sentence on Remand  (18 U.S.C. § 3742(f)(1) and (2))

**THE DEFENDANT:**  pleaded guilty to Count Two

The Defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of the Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | November 30, 2001 | Two |

The defendant is sentenced in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

■   Counts One and Three are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment: April 19, 2006

Dated in Kalamazoo, MI:             /s/Richard Alan Enslen
April 20, 2006                       Richard Alan Enslen
                                     Senior United States District Judge

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 4 – Probation                                      (NOTE: Identify Changes with Asterisks (*))

Defendant: JANET SYKES                                   Judgment --Page 2 of 5
Case No.: 1:04-cr-67-02

## PROBATION

The defendant is hereby placed on probation for a term of **THREE (3) YEARS**.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- ■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

- ■ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

- ■ The defendant shall cooperate in the collection of DNA as directed by the probation officer.

- [] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer.

- [] The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case
  Sheet 4C – Probation   (NOTE:  Identify Changes with Asterisks (*))

Defendant: JANET SYKES    Judgment --Page 3 of  5
Case No.: 1:04-cr-67-02

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall provide the probation officer with access to any requested financial information.

2.  The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

3.  The defendant shall perform 200 hours of community service as directed by the probation officer.

4.  The defendant shall be placed on home detention for a period of six (6) months, as arranged by the probation officer.  During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer.  The defendant shall maintain a telephone at his place of residence without any call forwarding, Caller ID, call waiting, modems, answering machines, cordless telephones, or other special services for the above period.   The defendant shall wear an electronic device, shall observe the rules specified by the probation department, and shall pay the costs of electronic monitoring in an amount determined by the probation officer.

AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case
    Sheet 5 – Criminal Monetary Penalties                              NOTE:  Identify Changes with Asterisks (*))

Defendant: JANET SYKES                                                 Judgment --Page 4 of  5
Case No.: 1:04-cr-67-02

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5.

|          | Assessment | Fine | Restitution |
|----------|------------|------|-------------|
| Totals:  | $100.00    | $0   | $68,895.81  |

■   The defendant shall make restitution (including community restitutiuon)  to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee     | Total Loss*  | Restitution Ordered | Priority or Percentage |
|-------------------|--------------|---------------------|------------------------|
| Frank Kirby Ford  | $73,827.73   | $68,895.81          |                        |
| TOTALS            | $73,827.73   | $68,895.81          |                        |

[]   Restitution amount ordered pursuant to plea agreement $

[]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ■   the interest requirement is waived for the [] fine ■ restitution.

   []  the interest requirement for the [] fine [] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case
    Sheet 6 – Schedule of Payments      NOTE:  Identify Changes with Asterisks (*))

Defendant: JANET SYKES      Judgment --Page 5 of  5
Case No.: 1:04-cr-67-02

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    ■    The special assessment shall be paid in full immediately.

B    ■    The restitution shall be paid, during the term of supervision, in minimum monthly installments of $150.00, to commence 60 days after the date of the judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan, NW, Grand Rapids, Michigan 49503.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■    Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    **Kevin Lee Hudson, Case Number 1:04-cr-67-01, $68,895.91**

[]    The defendant shall pay the cost of prosecution.

[]    The defendant shall pay the following court cost(s):

[]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.